UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHARON J. ROWE                                                                                                PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:05CV-240-S

TURNER CONSTRUCTION CO., et al.                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, William D. Wilcox and O'Dell Henderson to dismiss the claims against them as time-barred.  For the reasons set forth herein, we find that the motion is well-taken and that the Amended Complaint must be dismissed as to them.

The action arose from an incident on April 13, 2004 when a wooden bench in the common area of the Jefferson County Hall of Justice allegedly tipped over and injured the plaintiff, Sharon J. Rowe.  On April 5, 2005, Rowe filed a civil action in the Jefferson County, Kentucky, Circuit Court against Turner Construction Company, Wittrock Woodworking & Manufacturing Company, Inc. and "Unknown Defendants."  The complaint described "Unknown Defendants" as "persons or entities presently unknown to the plaintiff who handled the wooden pews at the Jefferson Hall of Justice and were responsible for their reinstallation after renovation of the Jefferson Hall of Justice." Complaint, ¶ 4.  On April 8, 2005, Rowe also filed a claim with the Kentucky Board of Claims against the Louisville/Jefferson County Metro Government and Commonwealth of Kentucky, Court of Justice, Court Facilities Department pursuant to KRS 44.070, *et seq*.  Her claim was dismissed on July 21, 2005.[1]

---

[1] Rowe recites the basis for dismissal as follows: "...as to Louisville/Jefferson County Metro Government on the basis that the doctrine of sovereign immunity was retained by county governments and on the basis that the Board of Claims did not have jurisdiction over claims against county governments or its employees in either their individual or official capacities."  Memorandum in Response to Motion to Dismiss, p. 3.  The court has not been provided with a copy of the Board of Claims order.

- 2 -

This case was removed from the Jefferson Circuit Court on April 25, 2005 under our diversity jurisdiction. The Notice of Removal stated that Rowe is a citizen of Kentucky, Turner a New York Corporation with its principal place of business in New York, and Wittrock an Ohio corporation with its principal place of business in Ohio. The amount in controversy was alleged to be in excess of $75,000.00. There was no mention in the Notice of the Unknown Defendants.

Rowe moved on June 7, 2006 to amend her complaint to add O'Dell M. Henderson and William D. Wilcox, Sr. as defendants. No objection was filed thereto, and the court granted the motion on August 2, 2006. Both Henderson and Wilcox are alleged in the Amended Complaint to be citizens of Kentucky who reside in Louisville. They are also alleged to be employees of Louisville/Jefferson County Metro Government. As such, whether they are sued in their official or individual capacities, their addition to the lawsuit is diversity-destroying, and, under the mandate of 28 U.S.C. § 1447(e)[2], the matter could be remanded to the Jefferson Circuit Court.

Fed.R.Civ.P. 21 provides, however, that "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." Henderson and Wilcox have moved to be dismissed from the action on the ground that the claims against them are time-barred. The court will therefore address the propriety of their joinder in the case, rather than remanding the action *sua sponte* at this time.

In her motion for leave to amend, Rowe stated that "the Amended Complaint and the original Complaint herein arise out of the same occurrence and transactions and have questions of law and fact in common. The purpose of the amendment is to add parties who may have been responsible for the condition giving rise to the Plaintiff's injury."

---

[2]"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Rowe was injured on April 13, 2004 and leave to amend was not sought until June 2006. There is no dispute that the one year statute of limitations applies to this personal injury action. KRS 413.140(1)(a). The Amended Complaint naming Henderson and Wilcox can be found timely only if the claims relate back to the filing of the original complaint.

Fed.R.Civ.P. 15(c) states that

[a]n amendment of a pleading relates back to the date of the original pleading when...

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if [the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading] and, within [120 days after the filing of the complaint], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

It is unclear from the Amended Complaint whether Rowe is suing Henderson and Wilcox in their official or individual capacities. The Amended Complaint states, in pertinent part:

10...O'Dell Henderson...had supervision over maintenance supervisors...such as William D. Wilcox, Sr...

11...William D. Wilcox, Sr...had supervision over maintenance of the Jefferson Hall of Justice.

12. William D. Wilcox, Sr. was involved in the renovation of the Jefferson Hall of Justice in or around the year 2000.

13. William D. Wilcox, Sr. and O'Dell Henderson knew, or should have known, prior to the date of the Plaintiff's injury, that the benches in the common areas of the Jefferson Hall of Justice were not bolted down or secured in any fashion...

14. The acts and omissions of the Defendants, William D. Wilcox, Sr. and O'Dell Henderson, were ministerial acts performed within the scope of their employment by Jefferson County Government and/or Louisville Metro Government.

Amended Complaint, ¶¶ 10-14.

To the extent that they are being sued in their official capacities as supervisory employees of Metro Government acting within the course and scope of their employment, the claims are against Metro Government, rather than the named individuals. Rowe does not allege that either

Henderson or Wilcox was involved in the physical moving of the benches. Indeed, in her motion for leave to amend the complaint, she stated that Henderson supervised Wilcox, meeting with him approximately every three weeks. She noted Wilcox' deposition testimony that he was certain that his personnel did not move the benches back from storage. Memorandum in Support of Motion for Leave to Amend, p. *3.

The Amended Complaint states that Wilcox "was involved in the renovation of the Jefferson Hall of Justice in or around the year 2000," four years prior to Rowe's injury. Amended Complaint, ¶ 12. This is the only allegation which attempts to tie either defendant to the renovation. These men were maintenance employees. There is no allegation that these men or the maintenance personnel that they supervised reinstalled the benches after the renovation. At best, the Amended Complaint alleges that at some point these defendants knew that the benches were not bolted to the floor. These allegations[3] are insufficient to implicate Henderson and Wilcox in the claims of the original complaint which addressed only the renovation.

The Complaint named "Unknown Defendants" as "persons or entities presently unknown to the plaintiff who handled the wooden pews at the Jefferson Hall of Justice and were responsible for their reinstallation after renovation of the Jefferson Hall of Justice." Clearly, Henderson and Wilcox are not such Unknown Defendants. They are not alleged to have either handled or been responsible for the reinstallation. The very language of the Amended Complaint confirms this conclusion. The "Unknown Defendants" paragraph is restated at ¶4, again referring to the handling and reinstallation of the benches. There are no such allegations in the paragraphs addressing Henderson and Wilcox. *See*, ¶¶ 2; 10-14.

---

[3]There does not appear to be any claim of liability articulated with respect to these factual allegations.

- 5 -

Further, even if such an allegation was made, Henderson and Wilcox were certainly not unknown to Rowe. Their employer, Metro Government, was the subject of a nearly simultaneous claim in the Kentucky Board of Claims. Thus, though their names may have come to light at a later time, the existence of Henderson and Wilcox as potential defendants was known from the inception of the suit. However, they were not named in this action until 2006, long after the running of the statute of limitations.

In sum, in order to avail herself of the relation back doctrine of Fed.R.Civ.P. 15(c)(3), Rowe must show that there was a mistake in the identity of the proper defendant and that, but for that mistake, the action would have been brought against Henderson and Wilcox. For a number of reasons, Rowe cannot satisfy the requirements of the rule. First, as we have noted, there was no mistaken identity. Furthermore, potential liability for the conduct of Metro Government employees, either officially or individually, was known to the plaintiff, as evidenced by her filing of the claim in the Kentucky Board of Claims. Rowe cannot successfully contend that the amendment merely seeks to more specifically identify "Unknown Defendants" inasmuch as the Amended Complaint does not support such an argument. Henderson and Wilcox have been named in connection with conduct that is different from and not contemplated by the "Unknown Defendants" language in the complaint. Furthermore, the listing of "Unknown Defendants" as parties does not *ipso facto* eliminate the requirements regarding relation back of amendments to pleadings.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, O'Dell M. Henderson and William D. Wilcox, Sr. to dismiss the amended complaint as against them (DN 23) is **GRANTED**.

**IT IS SO ORDERED**.